## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| THOMAS WISE, individually and on behalf of all similarly situated persons,<br><br>　　　Plaintiffs,<br><br>v.<br><br>UNIQUE WHOLESALE LLC,<br><br>　　　Defendant. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Thomas Wise ("Plaintiff") brings this collective action on behalf of all current and former non-exempt employees who worked for Defendant Unique Wholesale LLC ("Defendant") during the three years preceding the filing of this Collective Action Complaint. In violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a regular and routine practice, Defendant willfully failed to pay Plaintiff and similarly situated persons overtime for all hours worked in excess of 40 hours per workweek. Plaintiff shows the Court as follows:

1

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and other similarly situated persons, who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action"), that Plaintiff and the persons who opt into the Collective Action are, *inter alia*, entitled to (i) unpaid overtime wages from Defendant for time they worked in excess of 40 hours per week and for which Defendant failed to pay them at one and one-half their regular rate; (ii) liquidated damages; (iii) interest; and (iv) attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      This is an action brought under the FLSA for unpaid overtime wages and other relief authorized by the FLSA.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3.      Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4.    Plaintiff Thomas Wise is a citizen of the United States of America and a resident of the State of Georgia.

5.    Defendant employed Plaintiff from approximately October 2018 to March 2019.

6.    Defendant Unique Wholesale LLC is Georgia corporation; according to the information Defendant provided to the Georgia Secretary of State, the Principal Office Address for Defendant Unique Wholesale LLC is 1848 Austins Point Drive, Lawrenceville, Georgia 30043.

7.    Defendant Unique Wholesale LLC maintains a business address at 5201 Brook Hollow Parkway, Suite L, Norcross, Georgia 30071, where Plaintiff and those similarly situated worked.

8.    Defendant Unique Wholesale LLC may be served with process through its Registered Agent, Muneeb Arif, at 1848 Austins Pointe Drive, Lawrenceville, Georgia 30043.

9.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

10.    At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff and other non-exempt employees, have handled or otherwise used materials that have been moved or produced in interstate commerce.

11.    At all relevant times, Defendant has had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

12.    At all relevant times, Defendant has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A)(i).

13.    At all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

14.    At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

15.    Defendant is governed by and subject to 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiff brings this action on behalf of himself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

17.    Plaintiff and those similarly situated are persons who worked for Defendant as non-exempt employees at any time within three years prior to the filing of Plaintiff's Complaint (hereinafter the "FLSA Collective").

18.    Most of the members of the FLSA Collective would not be likely to file individual suits because they lack knowledge of their claims, adequate financial resources, and/or access to attorneys.

19.    Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

20.    Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendant acted on grounds generally applicable to all members of the FLSA Collective.

**STATEMENT OF FACTS**

21.    Defendant operates a wholesale "smoke & vape" business.  Defendant sells a wide variety of items but is focused on selling products related to smoking and vaping.  Defendant sells products online and out of its warehouse, located in Norcross, Georgia.

22.    Defendant employs employees to work in its warehouse and to perform duties such as breaking down palettes, stocking, cleaning, and interacting with customers (hereinafter "Warehouse Employees").

23.    Defendant employed Plaintiff as a Warehouse Employee from approximately October 2018 to March 2019.

24.    Defendant compensates its Warehouse Employees at any hourly rate.

25.    Defendant paid Plaintiff at a rate of $11.00 per hour.

26.    Defendant's Warehouse Employees are non-exempt under the FLSA.

27.    Plaintiff and the other Warehouse Employees clocked in and out on the point-of-sale systems located at the front of the warehouse.

28.    Plaintiff and the other Warehouse Employees frequently worked more than 40 hours per workweek.

29.    At the beginning of his employment with Defendant, Plaintiff was scheduled to work from Monday to Saturday; during this time period, Plaintiff was

scheduled to work from 9:00 am to 6:00 pm on Monday through Friday, and from 9:00 am to 5:00 pm on Saturday.

30.    After approximately a month, Plaintiff's schedule changed such that he was scheduled to work from Tuesday to Saturday; Plaintiff was thereafter scheduled to work from 9:00 am to 6:00 pm on Tuesday through Friday, and from 9:00 am to 5:00 pm on Saturday.

31.    Plaintiff and the other Warehouse Employees were frequently required to work past their scheduled departure time, in part because customers would frequently arrive to Defendant's location late, and Plaintiff and the other Warehouse Workers would have to continue working until the customer(s) left.

32.    Plaintiff estimates that, on average, he worked past his scheduled departure time three out of every five days worked, for a minimum of an additional hour on each of those three days.  There were instances in which Plaintiff worked approximately three hours past his scheduled departure time.

33.    Defendant never paid Plaintiff for his hours worked in excess of 40 per workweek at the overtime rate of one and one-half his regular rate.

34.    As a regular and routine practice, Defendant did not pay the other Warehouse Employees for their hours worked in excess of 40 per workweek at the overtime rate of one and one-half their regular rate.

35.    Nearly every week that Plaintiff worked for Defendant, he worked more than 40 hours and was not paid overtime at the rate of one and one-half his regular rate.

36.    Defendant only paid Plaintiff and other Warehouse Employees at their regular straight time rates.

37.    On information and belief, Defendant also, as a routine pattern and practice, subtracted hours worked from the time records for Plaintiff and other Warehouse Employees such that the paychecks did not reflect their actual hours worked.

38.    As a regular and routine practice, Defendant required Plaintiff and other Warehouse Employees to work unpaid "training days" at the beginning of their employment, during which time Plaintiff and the other Warehouse Employees largely performed regular work for Defendant in the warehouse.

39.    As a regular and routine practice, Defendant auto-deducted 30 minutes for the meal periods for Plaintiff and the other Warehouse Employees notwithstanding that Plaintiff and the other Warehouse Employees regularly spent much less time than 30 minutes for lunch.

40.    Defendant's practice of requiring unpaid "training days" for new Warehouse Employees and auto-deducting 30 minutes each day for breaks far

shorter than 30 minutes compounded Defendant's systemic violations of the FLSA's overtime requirements.

41.    On information and belief, when Plaintiff has full access to Defendant's time and payroll records in discovery, he will be able to identify the specific workweeks in which he worked in excess of 40 hours and was not paid at the overtime rate required by the FLSA.

42.    Defendant knew that Plaintiff and the other Warehouse Employees frequently worked more than 40 hours per workweek.

43.    As a systemic and regular practice, Defendant failed to pay Plaintiff and the other Warehouse Employees at the one and one-half overtime rate required by the FLSA for hours worked in excess of 40 per workweek.

44.    Defendant's unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

45.    Defendant was, or should have been, aware that the FLSA requires it to pay non-exempt employees overtime wages at a rate of one and one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

46.    Defendant's failure to pay Plaintiff and the other Warehouse Employees overtime wages at the rate required by the FLSA for all time worked in excess of 40 hours per workweek was willful and was not in good faith.

9

47.    As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime wages in an amount to be determined at trial for all time worked in excess of 40 hours per workweek, and are entitled to recovery of unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs.

**COUNT ONE**
**(Individual FLSA Claims Asserted by Plaintiff)**
**Willful Failure to Pay Overtime Wages in Violation of the FLSA**

48.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of this Collective Action Complaint.

49.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

50.    At all relevant times, Defendant has had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

51.    At all relevant times, Defendant has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A)(i).

52.    At all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

53.    At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

54.    Defendant is governed by and subject to 29 U.S.C. § 207.

55.    The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

56.    The FLSA requires employers, such as Defendant, to compensate employees, such as Plaintiff, at a rate of one and one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

57.    Plaintiff frequently worked more than 40 hours per workweek.

58.    Defendant engaged in a regular practice of knowingly and willfully failing to pay Plaintiff at the overtime rate of one and one-half his regular rate for all hours worked in excess of 40 per workweek.

59.    Defendant only ever paid Plaintiff at his straight-time rate.

60.    On information and belief, Defendant engaged in a regular and routine practice of subtracting hours worked from Plaintiff in order to reduce his compensation, such that Plaintiff's paychecks did not accurately reflect the actual time worked.

61.    Defendant's failure to pay overtime was further compounded by its practice of automatically deducting 30 minutes for meal periods when in fact Plaintiff took substantially shorter meal periods.

62.    Defendant's failure to pay overtime was further compounded, with respect to first workweek worked by Plaintiff, by its practice of forcing him, as a new employee, to work unpaid "training days."

63.    Defendant knew or should have known from its own time records that Plaintiff frequently worked in excess of 40 hours per workweek.

64.    Defendant knew that it did not pay Plaintiff at the proper overtime rate for all hours worked in excess of 40 hours per workweek.

65.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

66.    Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

67.    Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant (a) his unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for

Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## COUNT TWO
### (Collective FLSA Claims)
### <u>Willful Failure to Pay Overtime Wages in Violation of the FLSA</u>

68.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of this Collective Action Complaint.

69.    Plaintiff seeks to represent the following collective group of persons who Defendant failed to pay all overtime wages due:

> All persons who worked for Defendant as non-exempt employees within three years prior to the filing of Plaintiff's Collective Action Complaint.

This is the "FLSA Collective."

70.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

71.    At all relevant times, Defendant has had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

72.    At all relevant times, Defendant has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved

in or produced for commerce by any person" as defined in 29 U.S.C. §
203(s)(1)(A)(i).

73.    At all relevant times, Defendant has had an annual gross volume of
sales made or business done in excess of $500,000.00.

74.    At all relevant times, Defendant was an "employer" of Plaintiff and
members of the FLSA Collective as that term is defined by 29 U.S.C. § 203(d).

75.    Defendant is governed by and subject to 29 U.S.C. § 207.

76.    The overtime wage provisions set forth in the FLSA apply to Defendant
and protect Plaintiff and members of the FLSA Collective.

77.    The FLSA requires employers, such as Defendant, to compensate
employees such as Plaintiff and members of the FLSA Collective at a rate of one
and one-half the regular rate of pay for all hours worked in excess of 40 in each
workweek.

78.    Defendant required Plaintiff and members of the FLSA Collective to
frequently work more than 40 hours per workweek.

79.    As a systemic practice, Defendant failed to pay Plaintiff and members
of the FLSA Collective overtime at one and one-half their regular rate of pay for
hours worked in excess of 40 per workweek.

80.     On information and belief, Defendant only ever paid Plaintiff and members of the FLSA Collective at their straight-time rate.

81.     On information and belief, Defendant engaged in a regular and routine practice of subtracting hours worked from Plaintiff and members of the FLSA Collective in order to reduce their compensation, such that the paychecks of Plaintiff and members of the FLSA Collective did not accurately reflect their actual time worked.

82.     Defendant's failure to pay overtime was compounded by its practice of automatically deducting 30 minutes for meal periods when in fact Plaintiff and members of the FLSA Collective took substantially shorter meal periods.

83.     Defendant's failure to pay overtime was further compounded, with respect to first workweeks worked by Plaintiff and members of the FLSA Collective, by the practice of forcing new employees to work unpaid "training days."

84.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

85.     Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and members of the FLSA Collective.

86.    Defendant is liable to Plaintiff and members of the FLSA Collective for (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all members of the FLSA Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a)    Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b)    A declaratory judgment that the Defendant's practices complained of herein are unlawful under the FLSA;

c)    An award of unpaid overtime wages due under the FLSA;

d)    An award of liquidated damages as result of Defendant's failure to pay overtime wages;

e)    An award of prejudgment and post-judgment interest; and

f)      An award of costs and expenses of this action, including reasonable attorneys' and expert fees.

Dated this 11th day of April 2019.

Respectfully submitted,

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
246 Sycamore Street
Suite 150
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com